IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **Nancy Bowers**, | ) | C/A 9:17-2214-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| **Barnes and Noble Booksellers, Inc.** | ) | |
| **and Daniel Cass Balken,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Commons Pleas, Beaufort County, asserting claims against her former employer (the Defendant Barnes and Noble) and her supervisor, the Defendant Balken. In her Complaint, Plaintiff asserted claims for, inter alia, sex, disability, age, and sexual orientation harassment and discrimination. Although Plaintiff did not set forth the statutory basis for her claims in her Complaint, she did reference the U.S. Equal Employment Opportunity Commission (EEOC) as having issued a Right to Sue letter. The Defendants thereafter removed this case to United States District Court, asserting federal question jurisdiction because Plaintiff had (according to the Defendants) alleged causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq.

1



On the same date the Defendants removed this case to Federal Court, the Defendants also filed a partial motion to dismiss, seeking dismissal of Plaintiff's claim for sexual orientation harassment/discrimination, as well as all claims against the Defendant Balken individually. In response, Plaintiff has filed a motion to amend/correct her Complaint for the purpose of making clear that she is not pursuing any claims under the federal statutes cited by the Defendants in their Notice of Removal, but is instead asserting her discrimination claims solely under the South Carolina Human Affairs Law (SCHAL), S.C.Code Ann. § 1-13-10, et seq. Plaintiff also moves to remand her case back to State court, since the only claims she is asserting are state law claims under SCHAL.

In their response, while recognizing that Plaintiff has a right to amend her Complaint, Defendants request that this Court deny the motion to remand and retain supplemental jurisdiction over Plaintiff's state law claims, arguing that "this Court is better poised to address and issue rulings on Plaintiff's SCHAL claims because the South Carolina Human Affairs Law essentially follows the substantive structure of Title VII". Defendants' Response, p. 4 (Internal quotations omitted).

**Motion to Amend**

First, as conceded by the Defendants in their brief, courts "should freely give leave [to amend pleadings] when justice so requires". Rule 15(a)(2), Fed.R.Civ.P. While the Court does not find it unreasonable for Defendants to have assumed that Plaintiff was asserting federal claims in her Complaint, since she alleged claims for sex, age, disability, and race discrimination, it is nonetheless also a fact that Plaintiff did not reference any of the federal statutes cited by the Defendants as a basis for her claims in her original Complaint, and now in her Amended Complaint she seeks to make clear that she is only asserting her discrimination claims under the State Human

2



Affairs Law.

Plaintiff is the master of her Complaint, and it is for her to decide what claims she wishes to pursue against a Defendant. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) [The "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . . , makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."] (internal citation omitted); see also Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. As such, Plaintiff may properly pursue her discrimination claims solely under state law, if she chooses to do so. That is her right, and the Court can find no prejudice to the Defendants or basis for denying her motion to amend her Complaint setting forth what her claims are and on what grounds she is seeking relief.

Therefore, **IT IS ORDERED** that Plaintiff's motion to amend is **granted**. Massey v. Branham, No. 14-1876, 2015 WL 1311598, at * 2 (D.S.C. Mar. 23, 2015) [Motion to amend should be freely granted]; cf. Greenspan v. Brothers Property Corp., 103 F.Supp. 3d 734, 737 (D.S.C. Apr. 30, 2015) [discussing joinder].

### Motion to Remand

Plaintiff also seeks remand of this action back to the Beaufort County Court of Common Pleas. As previously noted, supra, this case was originally filed in the Beaufort County Court of Common Pleas, but was subsequently removed to this Court by the Defendants on the basis of federal question jurisdiction. Plaintiff correctly argues, and the Defendants do not dispute, that Plaintiff's Complaint as amended defeats federal question jurisdiction.

3



Although the Defendants ask this Court to retain supplemental jurisdiction over Plaintiff's state law claims for disposition in this Court, when federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims are ordinarily remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state court's role in determining whether dismissal of state law claims is warranted, and, if such a dismissal were to be denied, that it would be much more appropriate for any such state law claims to be considered and tried by the state courts.

The undersigned does not accept the Defendants' argument that this Court is better equipped to handle and evaluate Plaintiff's state law discrimination claims just because the analytical framework for considering Plaintiff's claims under SCHAL is the same as that for consideration of similar claims under the Federal Civil Rights statutes. See Orr v. Clyburn, 290 S.E.2d 804, 806 (S.C.1982); Tyndall v. National Education Centers, 31 F.3d 209 (4th Cir.1994); S.C.Code Ann. & 1-13-10 et al (2003); cf. Cromer v. Greenwood Com'n of Public Works, No. 92-CP-24-392, 1993 WL 328182, *4 (S.C.Com.Pl. Feb. 3, 1993)[The court notes that its ruling accords with the interpretation of federal employment discrimination laws upon which our state employment discrimination laws are modeled.]; Robinson v. BGM America, Inc., 964 F.Supp. 2d 552, 577-578 * 22 (D.S.C. Aug. 8, 2013). The state courts are perfectly capable of handling such claims asserted under state law, and remand will therefore allow the more appropriate court to rule on these



4

exclusively state law issues. Further, since this case has only recently been removed to this Court, the undersigned can discern no prejudice to the Defendants in returning this matter back to state court at this time. Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]; Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]; cf. Cooper v. Thames Healthcare Group, LLC, No. 13-14, 2014 WL 941925, at * 2 (E.D.Ky. Mar. 11, 2014) [Noting that "when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision [on whether to remand] to the discretion of the courts"].

Therefore, based on the foregoing, it is **recommended**[1] that the Plaintiff's motion to

---

[1] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. See Jones v. Unison Ins. Co., No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) [Noting that Fourth Circuit has not addressed question of whether Magistrate Judge may issue remand orders in non-consent cases]; cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992); Stanion v. Staley, No. 16-750, 2016 WL 3629087 at * 1, n. 1 (D.N.C. June 29, 2016); William E. Smith Trucking, Inc. v. Rush Trucking Centers of North Carolina, Inc., No. 11-887, 2012 WL 214155, at * 2-6 (M,D.N.C. Jan. 24, 2012) [Analyzing relevant statutes and caselaw and finding that remand order is nondispositive]; Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), cert. denied, 541 U.S. 987 (2014)[unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court]. While the undersigned has issued orders of remand in some circumstances in non-pro se cases, out of an
(continued...)



remand be **granted**, and that this case be **remanded** back to the Beaufort County Court of Common Pleas.²

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 22, 2017
Charleston, South Carolina

---

¹(...continued)
abundance of caution this Report and Recommendation, instead of an Order, is being entered so that the Defendants can contest remand before the District Judge, if they so desire.

²With respect to the Defendants' pending motion for partial dismissal, to the extent that remains a viable motion it should be considered and resolved by the state court applying state law.

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).